UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Christina Wish,

    Plaintiff,

v.

Officer Chris Baxa; City of Plano; Master
Sergeant Joseph Stavola; Deputy Sheriff
Andrew Santa; Inspector Brian Oko; Kendall
County; Trooper Ryan Kaney, individually;
Trooper Chad Martinez, individually; and
Unknown Officers,

    Defendants.

No. 14 C 5183
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Christina Wish brought this action against Officer Chris Baxa, Master Sergeant Joseph Stavola, Trooper Ryan Kaney, Deputy Sheriff Andrew Santa, Trooper Chad Martinez, Inspector Brian Oko, City of Plano, Kendall County, and others ("Defendants") alleging use of excessive force, unreasonable search and seizure, and failure to intervene in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 (Counts I-III), a due process claim under the Fourteenth Amendment and 42 U.S.C. § 1983 (Count IV), and *Monell* and indemnification claims against the officers' local public employers (Counts V-VIII).

The case is presently before the court on Defendants' motion to dismiss Count IV (violation of due process claim) for failure to state a cause of action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, I grant Defendants' motion in its entirety and dismiss Count IV with prejudice.

1

# I. BACKGROUND

The following facts are taken in the light most favorable to the plaintiff. On February 13, 2013, Christina Wish was riding in the backseat of a vehicle with two friends in Plano, Illinois. After pulling the vehicle over, Defendant Officers forcefully removed Wish from the vehicle, handcuffed her, and placed her in the backseat of their police car. When Wish told the officers that dollar bills were within her vagina, the officers removed her from the police car and told her to stand on the road and take off her pants and undergarments. All of the officers were male. While standing on the public road, Wish was then asked to place her hand within her vagina and remove the dollar bills.

# II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

# III. DISCUSSION

It is well established that the due process clause does not "provide broad generalized protection against misdeeds by police or prosecution." *Christman v. Hanrahan*, 500 F.2d 65, 67 (7th Cir. 1974). Rather, "the mission of the [due process] clause [is] avoidance of an unfair trial to the accused, and no violation . . . result[s] unless the misconduct had some prejudicial impact

on the defense." *Id*. In *Graham v. Connor*, the Supreme Court held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a 'substantive due process' approach." 490 U.S. 386, 395 (1989). Subsequently, the Court has held that where a particular constitutional amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (citations omitted). The Supreme Court has therefore made it clear that if the Fourteenth Amendment's due process clause applies to an excessive force case, it must be the procedural—and not substantive—component.

This procedural component, however, does not come into play until after there has been a judicial determination of probable cause. *See Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006) ("[T]he protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction."); *see also Luck v. Rovenstine*, 168 F.3d 323, 326 (7th Cir. 1999) (Fourth Amendment applies before the probable cause hearing and Due Process Clause applies after); *Villanova v. Abrams,* 972 F.2d 792, 797 (7th Cir. 1992) (same).

In this case, none of the alleged conduct occurred after a judicial determination of probable cause had been made. Therefore, Plaintiff's due process claim fails as a matter of law.

ENTER:

James B. Zagel
United States District Judge

DATE: November 26, 2014